UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID L. MOORE, M.D., and <br> COMMUNITY HEALTH CARE CLINICS, INC., <br> <br> Plaintiffs, <br> <br> v. <br> <br> JOHN DEERE HEALTH PLAN, INC., <br> JOHN DEERE HEALTH CARE, INC., and <br> DR. CHRISTINE PETTY, <br> <br> Defendants. | No.: 3:07-CV-484 <br> (VARLAN/GUYTON) |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiff David L. Moore, M.D.'s *pro se* Motion to Vacate Judgment [Doc. 72], in which plaintiff moves, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), to "correct manifest errors of law and fact," and asks the Court to "grant plaintiff relief from the final judgment on grounds of mistake, excusable neglect, and newly discovered evidence." Defendants have filed a response in opposition to this motion [Doc. 77]. The motion to vacate is now ripe for this Court's consideration.

**I.    Background**

Plaintiff filed the complaint in this case on December 28, 2007 [Doc. 1]. In the complaint, plaintiff raised a variety of allegations related to defendants' termination of plaintiff as a health care provider under defendants' insurance plan [*see id.*, ¶¶ 3-89]. On the basis of those allegations, plaintiff brought four claims against defendants: defamation, tortious intentional interference with current business relationships, breach of contract, and

a request for injunctive relief [*Id.*, ¶¶ 92-159].[1]  This Court granted summary judgment for defendants as to all of plaintiff's claims on March 11, 2010 [*see* Docs. 70, 71].

The Court has carefully considered the motion to vacate in light of the applicable law. For the reasons that follow, plaintiff's motion will be denied.

**II.     Standard of Review**

As noted, plaintiff requests relief under Federal Rule of Civil Procedure 59(e), which permits the filing of motions to alter or amend a judgment.  "A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Plaintiff also requests relief under Federal Rule of Civil Procedure 60(b), which sets forth several grounds for relief from a final judgment or order.  Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise, or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ;

---

[1] As the Court noted in its memorandum opinion on summary judgment, plaintiff's "fourth claim . . . is properly categorized as a request for relief, not as a separate cause of action" [Doc. 70].

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"[T]he district court's discretion to vacate [a] judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)).

### III. Analysis

Plaintiff requests that this Court vacate its order granting summary judgment for defendants in this case. Plaintiff advances three arguments in support of this request. First, plaintiff argues that the Court erred in finding that defendants provided him with a fair peer review hearing or with adequate notice of that hearing [Doc. 72]. Next, plaintiff argues that the Court erred in finding that defendants did not take the peer review action in this case in the absence of a reasonable effort to obtain the facts in the matter [*Id.*]. Finally, plaintiff

3

argues that he raised a genuine issue of material fact with respect to his claim under the Tennessee Peer Review Law as to whether defendants acted with malice in this case [*Id.*]. The Court considers each of plaintiff's arguments below.

      **A.**      **Fairness and Notice of Peer Review Hearing**

Plaintiff first argues that the Court "erred in accepting the representation of defendants that the Knoxville Quality Improvement Committee meeting in September 29, 2003, served as the peer review committee that evaluated [plaintiff's] work" [Doc. 72]. Plaintiff argues further that the relevant peer review committee meeting was instead the meeting of the Corporate Credentialing Committee held in Illinois, at which plaintiff contends the decision to terminate him as a plan provider was made, and of which plaintiff contends he was never provided notice [*Id.*].

The Court respectfully disagrees with plaintiff. As the Court noted in its memorandum opinion on summary judgment, plaintiff represented that he appeared at a meeting held in Illinois to review the termination decision of the Corporate Credentialing Committee [*see* Docs. 43, 70]. The Court also noted that "[a]ny . . . notice deficiency [plaintiff] alleges with respect to the . . . December 11, 2003 hearing [in Illinois] is obviated by [plaintiff's] appearance at that hearing" [Doc. 70]. And while the Court did acknowledge that the physicians conducting that review appeared telephonically rather than in person, the Court found that plaintiff's objection to this aspect of the hearing "di[d] not advance [plaintiff's] claim that the procedures afforded to him were not fair under the circumstances" [*Id.*]. The Court thus finds no error, and rejects plaintiff's first argument.

B.  **Reasonableness of Steps Taken to Obtain Facts in the Matter**

Plaintiff next argues that the Court erred in finding that defendants did not take the peer review action in this case in the absence of a reasonable effort to obtain the facts in the matter [Doc. 72]. In support of this argument, plaintiff has provided the Court with the affidavit of Robert Sweat, a private investigator retained by plaintiff to investigate the allegations of patient complaints against plaintiff [Doc. 74-1]. Attached to Mr. Sweat's affidavit are affidavits from these patients indicating that their complaints were not made in reference to plaintiff, but rather in reference to other physicians and staff members at plaintiff's clinic [*see* Doc. 74-1]. Plaintiff contends that he "was held responsible for the supposed failure to meet obligations that were not properly assignable to him, but were in fact the equal responsibility of other physicians who were not disciplined" [Doc. 72].

Again, the Court disagrees with plaintiff. In its memorandum opinion on summary judgment, the Court pointed out that this prong of the statutory inquiry is satisfied as long as "some factual investigation took place" [*see* Doc. 70]. *Peyton v. Johnson City Med. Ctr.*, 101 S.W.3d 76, 85 (Tenn. Ct. App. 2002). A review of the record on summary judgment revealed that the "peer review board . . . considered [plaintiff's] case, including [plaintiff's] position and information with respect to the complaints against him, and rejected those arguments" [Doc. 70; *see also* Docs. 39-6, 39-7, 39-9, 40]. Thus, as the Court explained in its memorandum opinion, plaintiff's argument on this point "appears to [be] . . . not that the review board failed to consider" the facts to which he now points, but "that the review board

5

did not reach a decision favorable to him after considering them" [Doc. 70]. The Court thus finds no error, and rejects plaintiff's second argument.

### C. Malice

Finally, plaintiff argues that he has presented evidence sufficient to raise a genuine issue of material fact as to whether defendants acted with malice in deciding to terminate their provider agreement with plaintiff. In support of this argument, plaintiff contends that "malice may be inferred from the manner in which the process against [plaintiff] unfolded" [Doc. 72]. Plaintiff contends further that "he has heard from Tenncare individuals and CHCCI patients that [defendants were] acting to retaliate" against him, although he acknowledges that these persons "have been reluctant to give written affidavits" [*Id.*]. Plaintiff suggests that these persons "may testify forthrightly should the matter proceed to trial" [*Id.*].

Again, the Court respectfully disagrees with plaintiff. In its memorandum opinion on summary judgment, the Court carefully examined the record for allegations and proof that the peer review action was taken maliciously [*see* Doc. 70]. The Court located nine such references in the complaint, but found them to "consist principally of speculative assessments of defendants' motives in taking the peer review action against plaintiff" [*Id.*].[2] The Court further examined the proof offered to support these allegations of malice, and found that

---

[2] Plaintiff misconstrues the Court's finding that these allegations relate to defendants' motives as a finding "as to the motives of [plaintiff] and CHCCI" [*see* Doc. 72]. The Court notes that it has made no findings with respect to any of plaintiff's motives in this case.

proof to be "not colorable" [*Id.*]. Noting that mere "[c]onclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment," *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009), the Court thus found summary judgment for defendants to be appropriate [*see* Doc. 70]. The Court finds no error in that determination, and rejects plaintiff's third argument as well.

## IV. Conclusion

For the reasons above, plaintiff's Motion to Vacate Judgment [Doc. 72] is **DENIED**.

IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE